UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT McCORMACK, | |
| Plaintiff, | Case No. 1:12-cv-00016-EJL |
| v. | |
| BRENT REINKE, RANDY BLADES, TERRY KIRKHAM, KEVIN KEMPF, MICHAEL JOHNSON, JAY CHRISTENSEN, LIZ NEVILLE, MARTY SAUDERMAN, and JEFF KIRMAN, | **MEMORANDUM DECISION AND ORDER** |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Leave to Amend.  (Dkt. 24.) Plaintiff seeks to add claims of retaliation, excessive force, abusive search, access to courts and deliberate indifference.  Defendants argue that the motion should be denied, because Plaintiff has not complied with Local Rule 15.1.  Defendants also argue that "the proposed amendments have nothing to do with the subject of this lawsuit and do not comply with Fed.R.Civ.P. 8."  (Dkt. 25 at 1-2.)  Having reviewed the briefing of the parties, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

## STANDARD OF LAW

Federal Rule of Civil Procedure 15 (a) provides  a party may amend a pleading only by leave of the court after the filing of a responsive pleading, unless the opposing party consents to the amendment.  Rule 15(a), however, also provides that leave to amend "shall be freely given when justice so requires."  Fed.R.Civ.P. 15(a).  "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon*, 316 F.3d 1048, 1051 (9th Cir. 2003).  In determining whether justice requires granting leave to amend, court usually consider four factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of amendment.  *Roth v. Marquez*, 942 F.2d 617 (9th Cir. 1991).  The party opposing the amendment bears the burden of showing the above factors.  *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

In exercising its discretion with regard to the amendment of pleadings, "a court must be guided by the underlying purpose of  Rule 15--to facilitate a decision on the merits rather than on the pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Indeed, the "Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), Fed.R.Civ.P., by freely granting leave to amend when justice so requires.'"  *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th  Cir. 1986) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)).

Leave to amend should be granted even more liberally to pro se plaintiffs. *Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005) (quoting *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)).   Pro se plaintiffs should be given the opportunity to amend their complaints if they have stated a plausible cause of action. *See for example, Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir. 1987) ("It is true that the prisoners' allegations are not sufficiently specific and do not allege that they personally have suffered cruel or inhuman punishment, but we cannot hold that it is 'beyond doubt' that they could not do so.  Therefore, we reverse and remand for the district court to allow the prisoners to file an amendment").  Accordingly, leave to amend should be granted to pro se plaintiffs "unless the pleading 'could not possibly be cured by the allegation of other facts.'" *Lira v. Herrera*, 427 F.3d at 1176 (quoting *Ramirez v. Galaza*, 334 F.3d at 861).

Nonetheless, a complaint must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*.  Facial plausibility demands more than the mere possibility that a defendant

**MEMORANDUM DECISION AND ORDER - 3**

committed misconduct and, while factual allegations are accepted as true, legal

conclusions are not.  *Id*. at 1949-50.

## DISCUSSION

**1.     Local Rule 15.1**

Local Rule 15.1 provides the following:

A party who moves to amend a pleading must describe the type of the proposed
amended pleading in the motion (i.e., motion to amend answer, motion to amend
counterclaim). Any amendment to a pleading, whether filed as a matter of course
or upon a motion to amend, must reproduce the entire pleading as amended.
Failure to comply with this rule is not grounds for denial of the motion. The
proposed amended document will be filed at the time of filing the motion and
submitted to the Court for approval. However, typographical errors in briefs or
other documents shall be brought to the attention of the Court.

Plaintiff has filed a motion for leave to amend his complaint.  He has not submitted

a proposed amended complaint, but his papers in support of the motion indicate that he

seeks to allege additional facts showing that Defendants: (1) unlawfully retaliated against

Plaintiff for his whistleblowing activities, (2) used excessive force, (3) conducted an

abusive search, (4) interfered with Plaintiff's right to access the courts and (4) were

deliberately indifferent regarding a back injury.  Given the liberal policy of Federal Rule

of Civil Procedure 15, the Court will allow Plaintiff the opportunity to file an amended

complaint as specified below.

The amended complaint must contain **all** of Plaintiff's allegations in a single

pleading, and cannot rely upon or incorporate by reference prior pleadings.  L. Civ. R.

15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a

**MEMORANDUM DECISION AND ORDER - 4**

motion to amend, shall reproduce the entire pleading as amended").  The amended

complaint shall supercede the original complaint.  Once a plaintiff files an amended

complaint, the original pleading no longer serves any function in the case.  Therefore, in

an amended complaint, as in an original complaint, each claim and the involvement of

each defendant must be sufficiently alleged.

Plaintiff shall set forth each cause of action.  Each different factual allegation

supporting the cause of action shall be set forth  in separate numbered paragraphs.  The

amended complaint must be legibly written or typed in its entirety, and it should be

clearly designated as the "First Amended Complaint."  Additionally, the "First Amended

Complaint" shall be filed within 30 days of this order and Plaintiff must mail a copy of

the "First Amended Complaint" to counsel for each named Defendant.

In the interests of judicial efficiency, the Court will not conduct another review of

the First Amended Complaint under 28 U.S.C. § 1915 or § 1915A, but if, after

Defendants receive the First Amended Complaint, Defendants deem it improper,

Defendants may file a motion to dismiss under Rule 12 of the Federal Rules of Civil

Procedure.

**2.      Claims Against Apparent Doe Defendants**

In each of the claims Plaintiff sets forth in his request for leave to amend, Plaintiff

makes certain allegations against "known and unknown parties."  Plaintiff appears to be

trying to add Doe Defendants.  The use of Doe Defendants is not favored in the Ninth

**MEMORANDUM DECISION AND ORDER - 5**

Circuit.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9thCir. 1980).  However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them.  *Id*.  Failure to afford the plaintiff such an opportunity is error.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, Plaintiff is directed not to include claims against Doe Defendants (or "unknown parties") in his amended complaint.  Plaintiff may add named Defendants.  If Plaintiff files the amended complaint with Doe Defendants, his claims against them shall be dismissed without prejudice.  Should Plaintiff later learn Doe Defendants' identities through discovery, he may move to file an amended complaint to add them as named defendants.  *Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

**3.      Proper Joinder of Multiple Claims And Defendants**

Federal Rule of Civil Procedure 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.  Fed.R.Civ.P. 18(a).  Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  In other words, unrelated claims against different defendants belong in different suits.  *Id*.

The fact that claims are premised on the same type of constitutional violation(s)

**MEMORANDUM DECISION AND ORDER - 6**

(e.g. Eighth Amendment) against multiple defendants does not make them factually related.  Claims are related when they are based on the same precipitating event. Unrelated claims involving multiple defendants belong in different suits.  *Id.*

Rule 18(a) allows multiple claims against a single party.  However, naming multiple defendants is limited by the requirement of Federal Rule of Civil Procedure 20(a)(2) that the right to relief arise out of common events and contain common questions of law or fact.

The Court's Initial Review Order allowed Plaintiff's retaliation claim and Plaintiff's religious exercise claims.  (Dkt. 12.)  The precipitating events for these claims were Plaintiff's whistleblowing activities concerning the "wood fund" and the destruction of the religious sweat lodge.  Plaintiff now seeks to add additional claims of retaliation, excessive force, abusive search, access to court and deliberate indifference. While Plaintiffs claims concerning the search are arguably related to Plaintiff's whistleblowing activities, the access to court and deliberate indifference claims are seemingly based on unrelated events.

The Court will grant Plaintiff an opportunity to file an amended complaint as to the named Defendants, as set forth below.  However, in order to state a cognizable claim, Plaintiff must either plead facts demonstrating how his claims are related or he must file a separate complaint for each unrelated claim against different defendants.  If Plaintiff files an amended complaint that does not comply with Rules 18(a) and 20(a)(2), all unrelated

**MEMORANDUM DECISION AND ORDER - 7**

claims and defendants will be subject to dismissal.

**4.    Retaliation Claim**

Plaintiff seeks to amend his retaliation claim to include the allegation that he was subject to an "overly aggressive search", which resulted in "painful and permanent injury to Plaintiff's testicles." (Dkt. 24 at 1-2.)  Plaintiff claims the search and injury occurred because of his complaints regarding the misuse of the wood fund and the destruction of the sweat lodge.  Defendants argue that this allegation was dealt with in the Initial Review Order and that Plaintiff's claim still does not provide any facts to suggest that the search was retaliation because of Plaintiff's whistle blowing activities.  (Dkt. 25 at 2.) Defendants further argue that Plaintiff's claim does not comply with Federal Rule of Civil Procedure 8.  (*Id.*)  While the Court essentially agrees with Defendants, the Court will allow Plaintiff the opportunity to set forth an amend complaint.

To state a claim of unconstitutional retaliation under the First and Fourteenth Amendments, a prisoner must allege that a state actor took some adverse action against him because of his protected conduct and that the action did not reasonably advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Furthermore, under Section 1983, plaintiff must demonstrate that each named defendant participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."

**MEMORANDUM DECISION AND ORDER - 8**

*Iqbal*, 556 U.S. at 676.  In other words, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, plaintiff must demonstrate that each defendant, through his or her own individual actions, violated plaintiff's constitutional rights.  *Iqbal*, 556 U.S. at 676-677.

In this case, Plaintiff provides little factual detail regarding the "overly aggressive search."  Plaintiff does not describe the specific events immediately leading up to the search, or whether Plaintiff was perceived to be a threat to the Defendants or to prison discipline.  It is not clear what amount and duration of force was applied, how the force was applied, how Plaintiff responded to it or why Plaintiff concludes that it was the result of his whistleblowing activities.  Furthermore, Plaintiff does not allege facts demonstrating what involvement, if any, each Defendant had in the alleged rights violation.

The Court will grant Plaintiff an opportunity to amend his retaliation claim to include the allegation that he was subject to an "overly aggressive search."  However, in order to state a cognizable claim, Plaintiff must provide facts that address the above deficiencies and support the allegation that each named Defendant caused or personally participated in causing the alleged deprivation of his constitutional rights.

**5.    Excessive Force Claim**

Plaintiff seeks to amend his complaint to include a claim of excessive force under

**MEMORANDUM DECISION AND ORDER - 9**

the Eighth Amendment.  As set forth above, Plaintiff alleges that he was subjected to an "overly aggressive search" which resulted in "painful and permanent injury to the Plaintiff's testicles." (Dkt. 24 at 1-2.)  Defendants argue that Plaintiff's claim does not meet the minimum pleading requirements of Rule 8.  (Dkt. 25 at 3.)  In addition, Defendants argue that even if a plausible claim could be made, it should be the subject of its own separate lawsuit.  (*Id*.)  The Court will allow Plaintiff the opportunity to amend his complaint to include a claim of excessive force.

The Cruel and Unusual Punishment Clause of the Eight Amendment protects prisoners from the use of excessive physical force.  *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).  To state an Eighth Amendment claim, a plaintiff must allege that the use of force was an "unnecessary and wanton infliction of pain."  *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir.2001).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  *Hudson*, 503 U.S. at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9thCir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Hudson*, 503 U.S. at 9.

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Id*. at 6-7.  The Court must look at the need

**MEMORANDUM DECISION AND ORDER - 10**

for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response.  *Whitley v. Albers*, 475 U.S. 312, 318 (1976).  The absence of significant injury alone is not dispositive of a claim of excessive force.

As the Court noted above, Plaintiff provides little factual detail regarding the specific events immediately leading up to the use of force and the nature in which it was used.  It is not clear whether Plaintiff was perceived to be a threat to the safety of Defendants or to prison discipline, what amount and duration of force was applied, how the force was applied, or how Plaintiff responded to it.

The Court will grant Plaintiff an opportunity to add this claim.  However, in order to state a cognizable claim for excessive force in an amended complaint, Plaintiff must provide truthful facts that address the above deficiencies and support the allegation that each named Defendant caused or personally participated in causing the alleged deprivation of his constitutional rights.

**6.     Abusive Search**

Plaintiff apparently seeks to amend his complaint to include a claim for an abusive search under the Fourth Amendment.  (Dkt. 24 at 2.)  The Court will allow Plaintiff the opportunity to amend his complaint to add this claim.

The Fourth Amendment protects prisoners from unreasonable searches and

**MEMORANDUM DECISION AND ORDER - 11**

seizures.  Strip searches/body cavity searches that are excessive, vindictive, harassing, or unrelated to any legitimate penological interest are not reasonable.  *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988).  Neither the United States Supreme Court nor the Ninth Circuit has yet held that prisoners retain *no* privacy rights under the Fourth Amendment.  *Hudson v. Palmer*, 468 U.S. 517, 526 (1984) ("Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell."); *Bell v. Wolfish*, 441 U.S. 520, 558 (1979) ("assuming [without deciding] that inmates, both convicted prisoners and pretrial detainees, retain some Fourth Amendment rights upon commitment to a corrections facility . . . ."); *Somers v. Thurman*, 109 F.3d 614 (9th Cir. 1997).  The Ninth Circuit has found that prisoners retain a limited right to bodily privacy.  *Michenfelder*, 860 F.2d at 333.

In analyzing whether searches of  prisoners  violate the Fourth Amendment, the Supreme Court set forth a balancing test in *Bell*, 441 U.S. at 559, 99 S.Ct. 1861.  The *Bell* court provided:

> The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application.  In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails.  Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

*Id*. at 559, 99 S.Ct. 1861.

While Plaintiff sets forth the *Bell* Test in his briefing, he provides very little detail regarding the allegedly abusive search.  The Court will grant Plaintiff an opportunity to

**MEMORANDUM DECISION AND ORDER - 12**

amend his complaint to include an abusive search claim under the Fourth Amendment. However, Plaintiff must provide facts which demonstrate that indeed the search was unreasonable.  Similar to the claim for retaliation and excessive force, Plaintiff must set forth specifically the events leading up to the search, the manner in which it was conducted, why it was conducted and where it was conducted.  Plaintiff bears the burden to demonstrate that the invasion of his personal rights outweighed any need for the search.  In addition, Plaintiff must support the allegation that each named Defendant caused or personally participated in causing the alleged deprivation of his constitutional rights.

**7.     Access To Courts**

Plaintiff seeks to amend his complaint to add a claim for access to courts.  Plaintiff alleges that certain "known and unknown parties violated his right to access the courts, by denying him use of various needed resources, to properly present a viable claim regarding the untreated back injury."  (Dkt. 24 at 1.)  Plaintiff also agues that these individuals "made a number of faulty assessments" and as a result "the U.S. District Court dismissed said claims."  (Dkt. 24 at 1, 3.)  Defendants make the same arguments regarding unknown parties and complying with Rule 8.  (Dkt. 25 at 3.)  The Court will allow Plaintiff to add the claim.

Prisoners have a constitutional right of access to courts guaranteed by the Fourteenth Amendment.  *Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994).  Included

within that right of access to courts is a prisoner's right of access to adequate law libraries or legal assistance from trained individuals. *Id*. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*., (quoting *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). Furthermore, there is no established minimum requirement for satisfying the access requirement; rather, "a reviewing court should focus on whether the individual plaintiff before it has been denied meaningful access." *Id*., (quoting *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989)).

The Ninth Circuit has established a two-step analysis to determine whether a right of access claim has merit. First, the court must decide "whether the claimant alleges a denial of adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 1171. Second, if the claim does not involve either of the two *Bounds* "core requirements," the court must determine whether the plaintiff has alleged an actual injury to court access. *Id*. "Actual injury" is defined as a "specific instance in which an inmate was actually denied access to the courts." *Id*. There is no actual injury requirement if either of the core requirements under *Bounds* is involved, i.e., adequacy of either the law library or legal assistance. *Id*. Therefore, in order to state a claim for relief, Plaintiff must establish either that: (1) he was denied access to an adequate law library or trained legal assistance; or, (2) he was actually denied access to the courts.

**MEMORANDUM DECISION AND ORDER - 14**

The Court will grant Plaintiff an opportunity to add this claim.  However, in order to state a cognizable claim for access to the courts in an amended complaint, Plaintiff must provide truthful facts that address specifically what resources Plaintiff was denied and what "faulty assessments" were made.  In addition, Plaintiff must support the allegation that each named Defendant caused or personally participated in causing the alleged deprivation of his constitutional rights.

In addition, as set forth above, this claim must satisfy Rules 18 and 20.

**8.     Deliberate Indifference**

Plaintiff seeks to amend his complaint to add a claim for deliberate indifference. Plaintiff alleges that "known and unknown parties" acted with deliberate indifference in treating him for a "workers comp back injury." (Dkt. 24 at 4-5.)  Defendants once again argue that Plaintiff's claim does not comply with Rule 8 and that Plaintiff has made no showing specific to the known or unknown parties. (Dkt. 25 at 4.)  Defendants further argue that the doctrine of res judicata renders the proposed amendment futile, because Plaintiff recently litigated the identical claim in state court and lost. (*Id.*)  The Court will allow the Plaintiff to add the claim.

A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs.  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  In the Ninth Circuit, the test for deliberate indifference consists of two parts. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  First, the plaintiff must show a

"serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id*., (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  *Id*., at 1096.  The second prong - defendant's response to the need was deliberately indifferent- is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the in indifference.  *Id*.  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  *Id*.  Yet, an "inadvertent [or negligent] failure to provide medical care" does not state a claim under § 1983.  *Id*.  "If the harm is an 'isolated exception' to the defendant's 'overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference."  *Id*., (citing *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9thCir. 1991)).

Plaintiff alleges that he suffered a serious back injury, which requires surgery and physical therapy.  (Dkt. 24 at 4.)  He claims CMS medical professionals have purposely delayed in providing him needed treatments and have "unscrupulously change[d] the diagnosis, to avoid further expenses," because Plaintiff is apparently close to his release date. (*Id*.)  He argues that the delays in his treatment have caused disintegrated discs and vertebra. (*Id*., at 5.)  The Court will allow Plaintiff the opportunity to add this claim. However, the claim must satisfy Rules 18 and 20.

**MEMORANDUM DECISION AND ORDER - 16**

As for Defendants' argument that res judicata is applicable, the Court does not currently have enough information before it to make such a determination.  Res judicata, or claim preclusion, prohibits lawsuits on "any claims that were raised or could have been raised" in a prior action.  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).  Res judicata applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties."  *Id*.   In other words, the "doctrine of res judicata bars a party from bringing a claim if a court of competent jurisdiction has rendered a final judgment on the merits of the claim in a previous action involving the same parties or their privies."  *Siegel v. Federal Home Loan Mortg. Corp*., 143 F.3d 525, 528 (9th Cir. 1998).  The Court will need more information regarding the claims and parties, before it can make this determination.

## ORDER

**IT IS ORDERED:**

1.      Plaintiff's Notice and Request for Leave to Amend (Dkt. 24), construed as a motion for leave to amend, is GRANTED.  Plaintiff Robert McCormack may file a "First Amended Complaint" within 30 days of this Order, consistent with the instructions contained herein.

**MEMORANDUM DECISION AND ORDER - 17**

2.      The Court's previous Scheduling Order (Dkt. 22) shall be amended to

extend the discovery deadline until **June 21, 2013.**  The dispositive motion

deadline shall be reset to **July 26, 2013.**

DATED:  **February 26, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 18**