UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT McCORMACK,<br><br>            Plaintiff,<br><br>  v.<br><br>BRENT REINKE, RANDY BLADES, TERRY KIRKHAM, KEVIN KEMPF, MICHAEL JOHNSON, JAY CHRISTENSEN, LIZ NEVILLE, MARTY SAUDERMAN, and JEFF KIRMAN,<br><br>            Defendants. | Case No. 1:12-cv-00016-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendants' Motion for Summary Judgment (Dkt. 49). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument. D. Idaho L. R. 7.1.

## BACKGROUND

Plaintiff filed his Complaint (Dkt. 3) on January 13, 2012. Plaintiff alleges that in August 2011, IDOC official notified Southern Idaho Correction Institution (SICI) prisoners that the sweat lodge located on prison grounds for Native American religious

**MEMORANDUM DECISION AND ORDER - 1**

ceremonies would be searched, dismantled and rebuilt and would be unavailable during this process (McCormack Aff., at 4-5.) According to Plaintiff, on August 24, 2011, the sweat lodge was then "disgracefully torn down without any concern towards the Natives and their religion at SICI." (Dkt. 3, p. 18.) Plaintiff alleges that he and other prisoners were retaliated against after they formally complained when they uncovered IDOC officials had violated terms of an earlier settlement agreement relating to supplying wood to be used in the sweat lodge. (McCormack Aff., Dkt. 3-1, at 2; Complaint, Dkt. 3, at 17-18.) Plaintiff asserts that prison officials retaliated by opening a false investigation to determine whether he and other prisoners were members of a "Security Threat Group" (STG). Plaintiff was then transferred from SICI to a medium custody facility and placed in segregation pending the completion of the investigation, though no disciplinary charges were brought against him for STG activity. (*Id*.)

Based on these allegations, Plaintiff claims that (1) IDOC Defendants unconstitutionally retaliated against him for complaining about official misconduct, and that (2) Defendants violated his right to exercise his religion (a) under the First Amendment's free exercise clause and (b) under the provisions of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq*.

On April 27, 2012, the Court reviewed Plaintiff's complaint and filed an Initial Review Order (Dkt. 12) allowing Plaintiff to proceed on his claims.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment on all of Plaintiffs' claims on the

**MEMORANDUM DECISION AND ORDER - 2**

following grounds: (1) sovereign and qualified immunity bar all monetary claims; (2) claims for injunctive and declaratory relief are moot since Plaintiff has been released from custody; (3) there is no evidence to support Plaintiff's retaliation and free exercise claims; and (4) failure to prosecute under Rule 41(b).  Defendants filed their motion on December 26, 2013.  It has been pending over six months and Plaintiff has not filed a response, nor anything else in the case, except for a Notice of Change of Address on February 10, 2014.  (Dkt. 51.)  In light of the procedural posture of the case, the Court will consider whether it is should be dismissed for failure to prosecute under Rule 41(b).

**1.      Standard of Law**

District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion.  *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990) (citations omitted).  Dismissal under Federal Rule of Civil Procedure 41(b) is available where a party has failed to prosecute his case or failed to obey an order of the court.  Because dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances.  *Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829 (1986).

In *Thompson*, the Court explained:

> We have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders.  *Buss v. Western Airlines*, 738 F.2d 1053 (9th Cir. 1984), *cert. denied*, 469 U.S. 1192, 105 S.Ct. 968 (1985); *Chism v. Nat'l Heritage Life Ins.*

**MEMORANDUM DECISION AND ORDER - 3**

> *Co.*, 637 F.2d 1328 (9th Cir. 1981); *Transamerica Corp. v. Transamerica Bancgrowth Corp.*, 627 F.2d 963 (9th Cir. 1980). However, because dismissal is such a severe remedy, we have allowed its imposition in these circumstances only after requiring the district court to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984), *cert. denied*, 470 U.S. 1007, 105 S.Ct. 1368 (1985); *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir. 1983).

*Id*. at 831-32.

## DISCUSSION

The Court finds that dismissal of this action for Plaintiff's failure to prosecute is appropriate. The first two *Thompson* factors are a matter of court discretion based on the facts and procedural history of the case. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (The district judge is in the best position to decide when delay in a particular case interferes with docket management and the public interest). This action has been pending over two years and Plaintiff has not pursued this case in over five months. Plaintiff's failure to respond to Defendants' motion for summary judgment hinders the court's ability to move this case toward disposition on the merits and suggests that Plaintiff does not intend to litigate this action diligently. *See Pagtalunan v. Galazas*, 291 F.3d 639, 642 (9th Cir. 2002)

As to the third factor, the risk of prejudice to the Defendants, Plaintiff's failure to respond to the motion for summary judgment impedes on Defendants' ability to proceed

**MEMORANDUM DECISION AND ORDER - 4**

to a resolution of this case and interfere with the rightful decision of this case. *See Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). There is a rebuttable presumption of prejudice to the defendants when a plaintiff unreasonably delays prosecution of his action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("'[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant.'" (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) and citing *Morris v. Morgan Stanley Co.*, 942 F.2d 648, 651-52 (9th Cir. 1991)). This factor favors dismissal as well.

The fourth factor - public policy favoring disposition of cases on their merits - normally weighs against dismissal. However, the Ninth Circuit "recognize[s] that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA Prods. Liability Litig.,* 460 F.3d 1217, 1226 (9th Cir. 2006).

The Court has looked at the merits of Defendants' motion for summary judgment and it appears there are valid defenses, or a lack of evidentiary support, to Plaintiff's claims. Plaintiff's claims under RLUIPA are barred. States do not waive sovereign immunity to suits for money damages under RLUIPA. *See Sossamon v. Texas*, 131 S.Ct. 1651, 1655 (2011). RLUIPA does not allow for monetary damages against individuals. *Wood v. Yordy*, __ F.3d __, 2014 WL 2462575 (9th Cir. June 3, 2014). That would limit Plaintiff to proceeding on his RLUIPA claims for injunctive relief only. However, because Plaintiff has been released from custody (Dkts. 35, 36, 51), his claims for

**MEMORANDUM DECISION AND ORDER - 5**

declaratory or injunctive relief are moot. *See Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005).

In its Initial Review Order, the Court remarked that to support his retaliation claim, Plaintiff "will have the burden to establish that Defendants were motivated with an intent to punish him for exercising a protected right, and to show that Defendants' actions, regardless of intent, did not reasonably advance legitimate correctional goals." (Dkt. 12, p. 6.) These are both hallmarks of a retaliation claim.[1] Because Plaintiff has failed to respond to Defendants' motion and submit evidence showing Defendants' retaliatory intent *and* the lack of a legitimate penological interest, he cannot prove his retaliation claim and it should be dismissed.

Similarly, on Plaintiff's First Amendment free exercise claim, an inmate's exercise of constitutional rights is necessarily limited when in custody, "both from the fact of incarceration and from valid penological objectives - including deterrence of crime, rehabilitation of prisoners, and institutional security." *Pell v. Procunier*, 417 U.S. 817, 822-23 (1974). Any infringement on the freedom to exercise must be a significant interference to the inmate's religious practice. *See Lewis v. Ollison*, 571 F. Supp. 2d 1162, 1170 (C.D. Cal. 2008) ("Here, Plaintiff has at most demonstrated that the temporary shower policy adopted by the prison due to security concerns created at most

---

[1] The required elements of a retaliation claim are the following: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, . . . that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

**MEMORANDUM DECISION AND ORDER - 6**

an inconvenience, but not a significant interference with his religious practice.") Because Plaintiff has failed to respond to Defendants' motion for summary judgment, the Court only has the benefit of considering his Complaint. Plaintiff bears the burden of a showing a *significant* interference with his religious practice. He has not done so. Most of his allegations surround the manner in which sweat lodge was dismantled (in order to be rebuilt elsewhere) rather than how IDOC's actions interfered with his ability to worship in a manner that is central to his religion. Summary judgment appears appropriate on this claim as well.

The final factor in a Rule 41(b) motion is the availability of less drastic sanctions. At this stage in the proceedings, "there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources." *U.S. ex rel. Graybar Elec. Co., Inc.*, 2012 WL 396457, *2 (E.D. Cal. Feb. 7, 2012). Plaintiff has not participated in this litigation in well over five months. His last substantive filing, other than notices of change of address, were nearly nine months ago. The Court cannot move this case toward disposition without Plaintiff's involvement. Dismissal is warranted under the circumstances.

**ORDER**

**IT IS HEREBY ORDERED:**

    1)      Defendants' Motion for Summary Judgment (Dkt. 49) is **GRANTED**.

2) All claims against Defendants Brent Reinke, Randy Blades, Terry Kirkham, Kevin Kemp, Michael Johnson, Jay Christensen, Liz Neville, Marty Saundermann, Jeff Kirkham are dismissed.

DATED: **July 2, 2014**

Honorable Edward J. Lodge
U. S. District Judge